## THE PEOPLE, Respondent, v. JESSE BONDS, Appellant.

When a defendant in an indictment for murder asks for an instruction which is clearly law, the Court is bound to give it, although the same legal proposition may be substantially set out in another instruction given by the Court. At least, if such instruction is refused in presence of the jury the Court must state it is only refused because already given, substantially, in another instruction.

The Court cannot instruct the jury as to the existence or non-existence of a disputed fact. And where an instruction asked by defendant assumes the existence of a fact not admitted by the prosecution the Court should refuse to give it in that form.

It is error in the Court to inform the jury, or to say in their presence, that the argument of counsel in regard to facts in a case is not tenable—that there is no evidence to support the hypothesis of counsel. The weight of evidence and its effect in proving secondary facts is to be determined by the jury.

The Court cannot give any instruction verbally unless the prisoner assents, and that assent must appear affirmatively.

APPEAL from the Third Judicial District of the Territory of Nevada, Lander County, Hon. P. B. Locke presiding.

The facts of the case are sufficiently stated in the opinion.

*Williams & Bixler*, for Appellant.

*Thomas E. Hayden*, for Respondent.

The appellant makes the following points:

That the Court erred in charging the jury orally, and cites the following authorities: Section 355 of Criminal Practice Act, which is identical with section 362 of California Act as amended in 1855. (*People* v. *Beebe*, 6 Cal. 246; *People* v. *Page*, 8 Cal. 341–4; *People* v. *DeMerritt*, 8 Cal. 423–4; *People* v. *Ah Fong*, 12 Cal. 345; *People* v. *Wappner*, 14 Cal. 437; *People* v. *Charez*, July Term, 1864.)

And that if such charge was made with the assent of the defendant that must appear affirmatively, and refers to the cases of *The People* v. *Ah Fong*, and *People* v. *Charez*, as above cited.

And that the Court erred in refusing sixth and eighth instructions asked by defendant. If refused because already given, it should have been so stated.

Points of Respondent:.

Instruction eighth should not have been given, because it assumes to instruct the jury on a matter of fact, of which they are the sole judges. (1 Cal. 385, *People* v. *Baker;* 1 Cal., *People* v. *Roberts,* 405 ; 6 Cal. 217, and 10 Cal. 87.)

It was not necessary to give sixth instruction, because it was already given substantially in instruction ninth, given by the Court. (8 Cal. 390; 13 Cal. 177 and 602.)

What purports to be an oral instruction was not strictly an instruction, and not excepted to as such at the time the language was used by the Judge; it is too late to consider it now. ·(*Collins* v. *Corbett,* 15 Cal. 182 ; *People* v. *Lockwood,* 6 Cal. 205.)

Opinion by BEATTY, J., full Bench concurring.

This was an indictment for murder. The defendant was tried and found guilty of murder in the· second degree, and judgment rendered in accordance with the verdict.

After the testimony closed, the Judge, on his motion, gave nine instructions, each and all of which were excepted to by the defendant. On the argument in this Court, no error in those instructions is pointed out or insisted on. They all appear. to be strictly in accordance with law, as laid down in common law books and our statutes.

The defendant asked the Court for eight instructions in his behalf.

The Court gave the first instruction asked, and refused the other seven. It is insisted in this Court that the sixth and eighth instructions should have been given, and that the refusal to give them was error.

The sixth instruction is in these words:

" That if the jury entertain any reasonable doubt as to the guilt of defendant, they will give to defendant the benefit and advantage of said doubt."

This was a legal principle expressed in unmistakable language; one which is applicable to every case of an indictment for felony. Counsel for respondent admits that the instruction contains the law applicable to the case, but contends that

it was not error, for the reason that the Judge had, of his own motion, already given the same instruction.

To this there are two answers:

*First*—The language used by the Judge in the instruction given, is not the same.    The defendant had a right to this instruction, in the language chosen by himself and counsel, if that language was free from ambiguity, and expressed only a legal proposition applicable to the case on trial.

*Second*—The simple refusal of the Judge to give the instruction, without any explanation, if done in the presence of the jury (as seems to have been the case here), would have a tendency to raise a presumption in their minds that it did not contain the law.

This would be highly prejudicial to the defendant.

We are of the opinion this was error prejudicial to the defendant.

It is also insisted the eighth instruction should have been given.

That instruction is given in these words:

"That the killing of deceased by defendant being matter of proof by circumstantial evidence, if the jury can explain the same by any reasonable hypothesis, inconsistent with defendant's guilt, the jury are bound to adopt that hypothesis, and find in favor of defendant."

This instruction set out by assuming that the act of killing was only proved by circumstantial evidence.    The Court in giving instructions was not authorized to assume any such facts in the face of the direct testimony of plaintiff in regard to the shooting.    The instruction was, therefore, properly refused.

Another error complained of by defendant is that the Court, on refusing to give instructions Nos. 2, 3, 4, 5, 6, 7 and 8, used this language in relation to the same:

"This idea of an accident, which has been urged by the defense, amounts to nothing, and is not tenable.    There is no evidence to show it was an accident; on the contrary, it shows there was a scuffle, and that the defendant persisted in holding on to the pistol."

This was erroneous.

*First*—The language itself was improper; it took from the jury the determination of a fact peculiarly in their province, that is, to determine whether the discharge of the pistol was accidental or intentional.

*Second*—If the instruction had been a proper one, the Court had no right to give it verbally without the consent of the defendant, which must affirmatively appear. (Sec. 355, Criminal Practice Act, 8 Cal. 341 and 423.)

There is nothing in the point made by the respondent's counsel that this was not a formal instruction, but merely a remark made to counsel. Such a remark made by the presiding Judge in the hearing of the jury would have precisely the same effect as if given as a formal instruction.

For this reason the judgment must be reversed and a new trial ordered.