THE STATE OF NEVADA, RESPONDENT, *v.* JOHN Mc-GINNIS, APPELLANT.

CRIMINAL LAW—JUDGE NOT TO CHARGE AS TO WEIGHT OF EVIDENCE. A charge in a criminal case that "it is the duty of the jury to candidly consider whether in the eye of sound reason these sufficient facts and circumstances detailed in the evidence, pointing beyond reasonable doubt to the existence of the acts and intent as charged in the indictment; and if you so conclude in your minds you must, as jurors upon your oath, so declare," amounts to a charge that the facts detailed in the evidence are sufficient to establish the offense, and that

the evidence points to the existence of the acts and intent beyond a reasonable doubt, and is error sufficient for reversal.

ERRORS OF TRANSCRIPTION IN RECORD ON APPEAL. On an appeal in a criminal case, where it was plain from the context that the charge to the jury as contained in the transcript was not correctly transcribed: *Held*, that the Appellate Court had no alternative but to accept it as given in the form in which it appeared in the record.

CHARGES TENDING TO MISLEAD JURY IN CRIMINAL TRIALS. Any ambiguity in the charge in a criminal case which may have a tendency to mislead the jury should entitle the accused to a new trial; for every person charged with a public offense has the right to have the evidence weighed by the jury uninfluenced by the opinion of the Judge respecting it—in all respects to have a fair and impartial trial, free from every prejudicial irregularity, and from everything which may so involve the case as to render it difficult or impossible for the jury to arrive at an intelligent conclusion.

APPEAL from the District Court of the Third Judicial District, Washoe County.

The defendant was indicted, at the November Term, 1869, of the Court below, for the crime of assault with a deadly weapon, with intent to inflict upon the person of William D. Knox a bodily injury without any considerable provocation. Having been tried and convicted, and motions in arrest of judgment and for a new trial having been denied, he was sentenced to pay a fine of one thousand dollars, and in default thereof to be imprisoned in the county jail until such fine should be paid, at the rate of one day's imprisonment for every two dollars of the fine.

*W. C. Boardman* and *A. C. Ellis*, for Appellant.

*R. M. Clarke*, Attorney-General, for Respondent.

By the Court, LEWIS, C. J.:

In the charge given in this case, which is otherwise clear, explicit, and correct, we find the following incomplete and very ambiguous sentence: "It is, therefore, the duty of the jury, in this case, candidly to consider whether, in the eye of sound reason, these sufficient facts and circumstances detailed in the evidence, pointing, beyond reasonable doubt, to the existence of the acts and intent as charged in the indictment; and if you so conclude in

your minds, you must, as jurors upon your oath, so declare ; and if
you do not so conclude, you must, with equal fearlessness, declare
that way."

It will be observed the first portion of this instruction is incom-
plete, it not being stated what the jury are to consider respecting
the " facts detailed in the evidence." It is quite evident, however,
from the accuracy and clearness of all other portions of the charge,
that this was not given in this form to the jury ; but it is brought
here and purports to be correctly transcribed, and so we have no
alternative but to accept it as given in the form in which it appears
in the record.

In that form, was it error to give it to the jury? We think it
was. Although it appears incomplete, still the Judge seems to
charge that the facts detailed in the evidence are sufficient to
establish the offense. The jury are told that the evidence points to
the existence of the acts and intent beyond a reasonable doubt.
What is to be understood by this language, save that the crime
charged in the indictment was fully proven ? To say that the evi-
dence points to the existence of the acts and intent as charged in
the indictment beyond a reasonable doubt, is tantamount to a charge
that it establishes the crime beyond a reasonable doubt. At least,
that fact seems to be assumed by the Judge, if the jury is not di-
rectly so charged. Under our Constitution he had no right to charge
the jury upon the facts—that is, as to the weight—of evidence.
(Const., Art. VI, Sec. 12 ; see also *People* v. *King*, 27 Cal. 513,
rendered upon a similar constitutional provision.) Here he seems
to have charged, or at least, given an opinion, that the crime was
established beyond a reasonable doubt—hence the error.

We are not fully satisfied that it misled the jury—very serious
doubts may be entertained as to that—still, in a criminal case, any
ambiguity which may have a tendency to mislead the jury should
entitle the prisoner to a new trial ; for every person charged with
a public offense has the right to have the evidence weighed by the
jury uninfluenced by the opinion of the Judge respecting it ; in all
respects to have a fair and impartial trial, free from every preju-
dicial irregularity, and from everything which may so involve the

case as to render it difficult or impossible for the jury to arrive at an intelligent conclusion.

The defendant must have a new trial.

It is so ordered.