[No. 937.]

# THE STATE OF NEVADA, Respondent, v. FRANK CLIFFORD, Appellant.

LARCENY—LOST PROPERTY FOUND IN THE HIGHWAY.—When property is found in the highway, and the finder knows the owner, or there are any marks upon it by which the owner may be ascertained, and the finder instead of restoring it converts it to his own use, such conversion will constitute a felonious taking.

IDEM—FELONIOUS INTENT.—If there be a felonious intent to appropriate the property coupled with a reasonable belief that the owner could be found, it would be larceny.

IDEM—SUBSEQUENT FELONIOUS INTENT NOT SUFFICIENT.—If the finder takes possession of the property without intending to steal it at the time of the original taking, he can not be found guilty of larceny by any subsequent intention to convert it to his own use.

POSSESSION OF STOLEN PROPERTY.—Where there is no other evidence tending to establish the guilt of the defendant except the fact of his having the possession of the property stolen, and the jury believe that the defendant gives a reasonable account of such possession, it would be their duty to acquit.

TESTIMONY—HELD SUFFICIENT TO SUSTAIN A CONVICTION FOR LARCENY.

APPEAL from the District Court of the Sixth Judicial District, White Pine County.

The facts of this case are substantially as follows: On the twenty-sixth day of February, 1878, there was upon the stage of Gilmer, Saulsbury & Co., five bars of bullion. Each bar was in a leather sack, used by Wells, Fargo & Co., for the shipment of bullion. The bars were numbered and marked "Christy Mill & Mining Co.," in plain letters. The sacks were also numbered and had a tag of Wells,

Fargo & Co. upon them.    The bars of bullion were all upon the stage when it left Prairies Ranch, and upon the arrival of the stage at Ward, in White Pine county, it was ascertained that one of the bars, marked No. 21, contained in sack No. 8, was missing.    The agent of Wells, Fargo & Co. at Ward immediately notified the office in San Francisco, Cal., of the loss of the bullion.    In due time posters from Wells, Fargo & Co. came back offering a reward of two hundred and fifty dollars for the recovery of the bullion. In the mean time, the local agent, aided by the private detectives and messengers of Wells, Fargo & Co., commenced search and made inquiries after the lost bar.    The defendant, Clifford, went to the agent and stated that he thought the bar could be found, provided there was sufficient inducement held out.    Several consultations were held upon the subject.    The defendant claimed that two hundred and fifty dollars was not enough, as he would be compelled to give that amount to the parties from whom he was to get his information as to the whereabouts of the bullion, and that he was acting as a go-between and was compelled to pledge his word as to secrecy in the matter, and was also pledged not to disclose any name, and that he wanted one hundred and fifty dollars for his services.    The agent and messenger of Wells, Fargo & Co. agreed that they would raise the extra one hundred and fifty dollars themselves.

They agreed to give defendant four hundred dollars for such information as would lead to the discovery of the bullion, reserving the right to prosecute any person in whose possession the bullion might be found.    In pursuance of this agreement, the defendant, in company with three persons named in the agreement, started out about one o'clock A. M. to find the bullion.    The defendant suggested that they had better provide themselves with a shovel or something to dig up the bar of bullion.    At the lower end of town the defendant pointed out a spot where, upon digging down about six inches, the missing bar of bullion, with the marks upon it, was found.

Some four or five days subsequent to the discovery of the bullion a deputy sheriff, in company with a messenger of

W., F. & Co., searched the premises of Della Clifford, wife of defendant (and jointly indicted with him). In looking down the vault of the privy they discovered the handle of a bullion sack, and upon removing it it was identified as the missing sack No. 8.

The premises of Della Clifford was kept as a public saloon. The defendant spent most of his time at this house, although he was frequently at other places. There was no one in the house when the sack was found, and had not been for two or three days. Some other minor circumstances were offered in evidence tending to show that defendant was the party who had first taken the bar of bullion from the stage.

*Robert M. Clarke* and *N. Soderberg*, for Appellant:

I. The court erroneously charged the jury that if the defendant, at the time of finding the bullion, or at any time thereafter, knew the owner thereof, and feloniously appropriated and converted it to his own use, then he was as guilty of larceny as though he had originally stolen it. (1 Hill, N. Y. 94; *People* v. *Anderson*, 14 Johns.' Id. 294; *Wright* v. *State*, 5 Yerg. (Tenn.) 154; *State* v. *England*, 8 Jones' N. C. 399; 2 Bish. Cr. Law, secs. 759, n. 17; 837, 838, 876, 880, 883; 1 Id. sec. 207.)

II. The court erred in charging the jury that if the defendant was not the finder, but some other person found the bullion, and if then or afterwards he and defendant knew who the owner of the bullion was, etc., and feloniously appropriated it, etc., they should convict defendant. (*Wilson* v. *People*, 39 N. Y. 459; 18 Mo. 329; 1 Hill, 94; 14 Johns. 294.)

III. The court erred in instructing the jury that "the only cases in which a party finding the property of another can be justified in appropriating it to his own use are where it may be fairly said the owner has abandoned it or where the owner can not be found." (1 Hill, 94; 14 Johns. 294; *State* v. *Conway*, 18 Mo. 321; Archbold Cr. Pl. 119; *Rex* v. *Leigh*, 2 East, P. C. 694; *Lane* v. *People*, 5 Gilman (Ill.) 305; *State* v. *Gresser*, 19 Mo. 247.)

IV. The possession of recently stolen property unexplained is not, *per se*, *prima facie* evidence that the possessor is guilty of larceny. (*People* v. *Chambers*, 18 Cal. 383; *People* v. *Ah Ki*, 20 Id. 180; *People* v. *Gassaway*, 23 Id. 51; *People* v. *Antonio*, 27 Id. 407; 3 Green Evid. sec. 31; *State* v. *I. En*, 10 Nev. 277.) The testimony adduced upon the trial did not support the charge in the indictment. If it established any offense (which we deny) it was that of receiving stolen goods, an offense not embraced in the charge of larceny. (19 Cal. 601; 3 Chitty Cr. Law, 601; *Grummond* v. *State*, 10 Ohio, 511; *Fulton* v. *State*, 13 Ark. 168; *People* v. *Maxwell*, 24 Cal. 14; *People* v. *Stakem*, 40 Id. 599; *People* v. *Logan*, 1 Nev. 110; Comp. Laws Nev., secs. 1858, 2367, 2371.)

*John R. Kittrell, Attorney General,* and *T. W. Healy,* for Respondent:

I. The court did not err in any of its instructions as to the facts necessary to justify a conviction of the finder of lost property of the crime of larceny. (2 Russell on Crimes, 12, 13, 14, 16; *State* v. *Weston*, 9 Conn. 527; *Lane* v. *People*, 5 Gilman, 305; *People* v. *McGarren*, 17 Wend. 460; *State* v. *McCann*, 19 Mo. 249; *Reg.* v. *West*, 29 Eng. L. & E. 525; *Ransom* v. *State*, 22 Conn. 160; *Reg.* v. *Thurborn*, 2 C. & K. 832; *Reg* v. *Moore*, L. & C. 1; 2 Whart. Cr. Law, 1792, 1795, 1801; 2 Bish. Cr. Law, secs. 880, 886; 2 Arch. Cr. P. & P. 1235, 1242; *People* v. *Anderson*, 14 Johns. 294; *Porter* v. *State*, M. &. Y. 555; 2 Arch. Cr. Pr. & Pl. 1236; *Baker* v. *The State*, 29 Ohio St. 184; *People* v. *Cogdell*, 1 Hill, 94; *State* v. *Pratt*, 20 Iowa, 267; *Reg.* v. *Mole*, 1 C. & K. 417; *State* v. *Ferguson*, 2 McMullen, 502; *Booth* v. *Commonwealth*, 4 Grat. 525.

By the Court, HAWLEY, J.:

Appellant questions the correctness of several instructions given by the court as to the facts necessary to justify a conviction of the finder of lost property of the crime of larceny.

The rules of law relating to this subject and applicable to the facts of this case, as gleaned from the authorities,

which are very numerous, may be stated in general terms as follows: When property is found in the highway, and the finder knows the owner, or there be any mark upon it by which the owner may be ascertained, and the finder instead of restoring it converts it to his own use, such conversion will constitute a felonious taking. If there be no notice of the owner at the time of finding, yet if there be a felonious intention to appropriate the property, coupled with a reasonable belief that the owner could be found, it would be larceny. But the finder of lost property who takes possession of it not intending to steal it at the time of the original taking, is not rendered guilty of larceny by any subsequent felonious intention to convert it to his own use. (*People* v. *McGarren*, 17 Wend. 460; *Wilson* v. *The People*, 39 N. Y. 461; *State* v. *Weston*, 9 Conn. 526; *Ransom* v. *The State*, 22 Id. 153; *Baker* v. *The State*, 29 Ohio St. 184; *Bailey* v. *The State*, 52 Ind. 462; *Wolfington* v. *State*, 53 Ind. 343; *Commonwealth* v. *Titus*, 116 Mass. 42; *Reg.* v. *Thurborn*, 2 Car. & Kir. 832; *Reg.* v. *Moore*, 8 Cox, C. C. 416; 2 Bish. Cr. Law, sec. 882, and other authorities there cited; 2 Wharton Cr. Law, sec. 1800.)

All portions of the charge of the court or instructions given to the jury at variance with these rules are erroneous, especially those portions which convey an intimation to the jury that any subsequent felonious intention of defendant to convert the property to his own use is sufficient to authorize a conviction.

The court also erred in refusing to give the sixth instruction asked by defendant.

When property recently stolen is found in the possession of a person accused of the theft the accused person is bound to explain the possession in order to remove its effect as a circumstance indicative of guilt. (*State* v. *I. En.* 10 Nev. 279.) But if there is no other evidence tending to establish the guilt of the defendant, and the jury are satisfied that he gives a reasonable account of his possession of the property, then it would be their duty to acquit.

Appellant claims that the evidence, under any theory of the prosecution, is insufficient to support a conviction of

larceny; that if the defendant is guilty of any offense it could only be that of receiving stolen goods. In our opinion there is ample testimony tending to show that the defendant was guilty of the offense of grand larceny, either in stealing the bar of bullion from the stage or finding it upon the highway, knowing the owner, or, it having marks upon it by which the owner might readily be ascertained, intending at the time to convert it to his own use. If the jury believed the testimony given by the defendant, in his own behalf, to be true, he was not guilty of larceny or any other offense (unless it be that of compounding a felony).

The judgment of the district court is reversed, and the cause remanded for a new trial.