## THE STATE OF OREGON, RESPONDENT, *v.* THOMAS DUCKER, APPELLANT.

LARCENY—MONEY PAID BY MISTAKE.—One who receives money from another to which he knows he is not entitled, and which he knows has been paid to him by mistake, and conceals such overpayment, appropriating the money to his own use, with intent to defraud the owner thereof, is guilty of larceny.

BILL OF EXCEPTIONS—WHEN SILENT, WHAT PRESUMPTIONS ARISE.—Where a bill of exceptions is silent as to whether certain instructions were given which are necessary to sustain the judgment, it must be presumed that they were given, and especially where it appears that other instructions were given which are not specifically set out therein.

APPEAL from Clatsop County.

The appellant was indicted for the crime of larceny, was tried, convicted, and sentenced to three years imprisonment. The facts constituting the alleged larceny are briefly these: The appellant asked one Theodore Bracker to change a ten-dollar gold piece for him. Bracker did so; but by mistake, instead of giving the appellant a ten-dollar roll of silver pieces, gave him a roll consisting of ten twenty-dollar gold pieces, or two hundred dollars in gold, instead of ten dollars in silver. This money the appellant converted to his own use, and refused to make any restitution or give his note therefor, although at the time of discovering the mistake he had reason to know that it belonged to Bracker.

*Ball & Gregory*, for appellant.

*J. F. Caples, District Attorney, and M. F. Mulkey*, for the state.

By the Court, PRIM, J.:

The indictment charges the appellant with the larceny of ten twenty-dollar gold pieces. At the trial, the court among other things charged the jury that "if the prosecuting witness delivered to the defendant ten twenty-dollar gold pieces under the belief that he was giving him that number of silver pieces, and the defendant so took them sharing the mistake, and if, upon discovering the mistake, the defendant

knew or had the means of knowing who the owner of the gold pieces was, but he thereupon, nevertheless, converted them to his own use, it was larceny." This instruction is objected to on behalf of the appellant and assigned as error.

This objection, we think, is not well taken, as the instruction contains a correct statement of the case upon the point developed by the evidence in this case. The money in excess of that which the appellant was entitled to receive, was taken without the owner's consent, and that which was thus taken was appropriated to the appellant's use with an intent to cheat and fraudulently to deprive the owner thereof.

These two elements, being both present in this case, are sufficient to constitute the crime of larceny, for it will not do to say that the owner parted with his money voluntarily, and, therefore, there could not have been any unlawful taking. While it may be said that it was the physical act of the owner in handing that which was his to another, yet there was lacking his intellectual and intelligent assent to the transfer, upon which the consent necessarily depended. And so in the case "where money or property is obtained from the owner by another upon some false pretense, for a temporary use only, with the intent to feloniously appropriate it permanently, the taking thereof, though with the owner's consent, is larceny." (*Wolfstein* v. *The People*, 13 N. Y. Supm. (N. S.) 121; *The People* v. *McGarren*, 17 Wend. 460; *The People* v. *Orall*, 1 Denio, 120.)

It is further claimed by counsel for the appellant that the court was asked to charge, on appellant's behalf, as follows:

1. That unless the jury believed from the evidence that defendant intended to convert the money so received by mistake as soon as he discovered this mistake, the subsequent conversion was not larceny.

2. That if at any time after defendant discovered the mistake, and before conversion defendant honestly intended to return the money to Bracker (if Bracker was the person he received it of), then any subsequent conversion would not constitute larceny.

3. That the *animus furandi* must have existed as soon as

defendant discovered the mistake, in order to constitute larceny.

It is claimed that these instructions were refused, and that the court erred in so refusing. The bill of exceptions being silent upon this matter, it must be presumed that they were given. The bill of exceptions says the instructions first complained of and heretofore referred to in this opinion, among others, were given without specifying what they were.

There being no substantial error in the record, the judgment of the court below is affirmed.