## THE PEOPLE OF THE TERRITORY OF UTAH, RESPONDENT, v. DAVID MILLER, APPELLANT.

CRIMINAL LAW.— LARCENY.—ACT AND INTENT MUST CONCUR IN POINT OF TIME.—In larceny the intent to steal must exist at the time of the taking and where the defendant took the property innocently, under a mistake of fact, and thereafter converted it to his use with a felonious intent, he is not guilty of larceny.

PRACTICE.—ORAL REQUEST.—The practice of orally reque sting the court to charge propositions of law, disapproved.

APPEAL from a judgment of the district court of the first district, and from an order refusing a new trial.

On the trial evidence was introduced which tended to show that the defendant took the property in question under a mistaken belief of title in himself thereto. The other facts sufficiently appear in the opinion.

*Mr. David Evans* and *Mr. A. G. Sutherland, Jr.*, for the appellant.

The instruction asked by defendant's counsel should have been given. It is an elementary principle that ignorance or mistake in point of fact is in all cases of supposed offense a sufficient excuse: 1 Bishop Cr. Law, sec. 301; 1 Wharton Cr. Law, sec. 884.

In all cases where one in good faith takes another's property under claim of title in himself, he is exempt from the charge of larceny, however puerile or mistaken the claim may in fact be: 2 Bish. Cr. Law, sec. 851.

In order to convict it was necessary for the jury to find that the intent to steal existed at the time of the taking. No subsequent felonious intent was sufficient. The court's modification of the defendant's request was, therefore, erroneous: *Wilson* v. *People*, 39 N. Y., 459; *People* v. *Clifford*, 14 Nev., 72; *Reg.* v. *Horn*, 3 F. & F., 315; *Rex.* v. *Leigh*, 2 East P. C., 694; *State* v. *Homes*, 57

Am. Dec., 275; *Ex parte Kenyon,* 5 Dillon, 389; *Phelps* v. *State,* 55 Ill., 334; *State* v. *Wood,* 46 Iowa, 116.

*Mr. W. H. Dickson,* for the respondent.

POWERS, J.:

The appellant was convicted in the first district court of the offense of grand larceny. But one error is alleged, and that arises upon a refusal of the court to charge the jury as requested. It would seem from the record that the request for instruction was made orally at the conclusion of the charge of the court to the jury. The instruction asked was as follows: "If the jury believe from the evidence that the defendant took this property under color of right, and in good faith, believing it to be his property, there should be a verdict of not guilty, although it may afterwards turn out, and though the jury may believe it to be a fact, that the property belonged to Frederick Bird." This instruction the court refused as asked, and said: "I charge you substantially as requested by counsel, with this exception: that if you find that he afterwards discovered it to be the property of Frederick Bird, and, after knowing that it was Frederick Bird's property, that he still retained it, then, of course, he would be guilty."

While the charge as given by the court is sustained by some of the authorities, (see *State* v. *Ducker,* 8 Or., 394; S. C., 34 Amer. Rep. 590, and note,) we think that the court erred, and that the great weight of authority is the other way. It is an elementary principle that ignorance or mistake in point of fact is, in all cases of supposed offense, a sufficient excuse: 1 Bish. Crim. Law, sec. 301; 1 Whart. Crim. Law, sec. 884.

In order to convict of larceny, the jury must be satisfied that the taking of the property was with a felonious intent. It is not sufficient to find that, after the taking, it was converted to the use of the defendant, with a felonious intent. It is necessary to find that the intent to steal existed at the time of the taking. No subsequent felonious intent will suffice: *Wilson* v. *People,* 39 N.

Y., 459; *People* v. *Clifford,* 14 Nev., 72; *Reg.* v. *Horn,*
3 F. & F., 315; S. C. Jac. Fish. Dig. 3337; *Rex.* v.
*Leigh,* 2 East P. C., 694; S. C. 57 Amer. Dec. 275, and
cases cited: *Ex parte Kenyon,* 5 Dill., 389; S. C. 12
Myer. Fed. Dec., 809; *Phelps* v. *State,* 55 Ill., 334; *State*
v. *Wood,* 46 Iowa, 116.          .

In this case, after having given that portion of the
charge excepted to, and to which we have referred, the
court also charged the jury, in connection with the objec-
tionable portion, as follows: "The taking of the property
must be found by you. If you find that, when the de-
fendant took the property, he did so in entire good faith,
and with the belief that he had a right to take it, then
the offense is not complete. If he knew he was doing
wrong, if he knew it belonged to some one else, if he
knew he was taking another man's property, then he would
be guilty." We do not think that this cured the error,
and judgment must be reversed.

We suggest that counsel in the lower courts should be
required to conform to the statutes, and present their in-
structions in writing.

Zane, C. J., and Boreman, J., concurred.