No. 2593

## STATE v. CUDNEY

October 4, 1923.                    218 Pac. 736.

1. LARCENY—ALLEGATION OF OWNERSHIP IN ONE WHOM PROOF SHOWED WAS ONLY LAWFUL CUSTODIAN HELD NOT FATAL VARIANCE.

Where an indictment lays the ownership of stolen property in one who is its lawful custodian, it is not a fatal variance if the proof shows the legal title was in some one other than this custodian.

2. CRIMINAL LAW—OFFICERS' TESTIMONY AS TO WHAT DEFENDANT'S WIFE SAID WHEN WARRANT WAS READ HELD NOT PREJUDICIAL.

In a prosecution for larceny of wool left on the highway, allowing officers to testify that, when the warrant was read, defendant's wife said that they were not going to have time to advertise, *held* not prejudicial, in view of defendant's testimony that he intended to advertise for the owner.

3. LARCENY—WHETHER PROPERTY LEFT ON HIGHWAY TAKEN WITH FELONIOUS INTENT HELD FOR JURY.

In a prosecution for larceny of wool left on the highway, whether the wool was originally taken with felonious intent *held* for the jury to determine, from the facts and circumstances preceding, attending, and following the finding.

4. LARCENY—FINDING OF CONVERSION WITH FELONIOUS INTENT OF WOOL LEFT ON HIGHWAY NOT DISTURBED.

In a prosecution for larceny of wool left on a highway, though the evidence failed to show that defendant knew owner, or had notice at the time he took the wool of any mark furnishing immediate means of finding owner, a finding that defendant converted the wool with felonious intent was not disturbed.

5. CRIMINAL LAW—IMPROPER INSTRUCTION NOT OBJECTED TO NOT
   EXAMINED ON APPEAL.

   Where no objection was imposed by defendant to the giving
   of an instruction violating criminal practice act, sec. 310 (Rev.
   Laws, 7160), as amended by Stats. 1915, c. 157, providing
   that no special instruction shall be given relating exclusively
   to defendant's testimony, and no advantage was taken of it
   on appeal, the supreme court will not examine the instruction.

APPEAL from Fourth Judicial District Court, Elko
County; *Wm. E. Orr*, Judge.

Frank Cudney was convicted of larceny, and he
appeals. **Affirmed.**

*James Byers*, for Appellant:

It was error to admit declaration of Mrs. Cudney
that she and her husband were going to town next day
to advertise wool. This declaration was used against
appellant to show that letter in case was not written
and mailed, according to his testimony, and it was
highly prejudicial to appellant, because she stood in
matter as a stranger and appellant was not called upon
to make reply, and because appellant was then practi-
cally under arrest, and was not required to speak.
1 R. C. L. 479, 480. The remarks were not addressed
to appellant, and he could not have understood necessity
of his making reply. 22 C. J. 325; Com. v. Kenney, 12
Met. (Mass.) 235. The evidence was hearsay and appel-
lant was deprived of having witness produced in court,
and deprived of right of cross-examination. A person
against whom witness testifies has right of cross-
examination. Florence v. Calumet, 96 Pac. 183.

A wide range of cross-examination is allowed.
Motives of witness may be shown in estimating his
credibility. 8 L. R. A. (N. S.) 509. Any question may
be put tending to show his bias. State v. Krum, 4 Pac.
621; Greenleaf, sec. 450.

Felonious intent must be shown to exist at time of
taking. State v. Clifford, 14 Nev. 72.

Where title to stolen goods is disputed, instruction
which assumes that they belonged to person named in
indictment is erroneous. Hix v. People, 41 N. E. 862.

There is a wide difference between taking lost goods and theft of other property. State v. Hays, 67 N. W. 674.

Mere taking and keeping of property, without any destruction or appropriation of it, is not evil act. Allen v. State, 24 Am. St. Rep. 858; 1 Bishop, Criminal Law (5th ed.), sec. 325; 2 Idem, sec. 882.

Criminal intent must unite with overt act, and they must occur in point of time. Only when original taking was with criminal intent will the conversion be larceny. 8 Am. & Eng. Ency. Law, 285. Bare intention is not punishable. Idem, 291, 292. If a reasonable hypothesis, consistent with innocence, may be gathered from evidence, verdict of guilty ought not to be returned. State v. Thompson, 31 Nev. 218.

*Castle, Diskin,* and *Powell,* for Respondent:

Mrs. Cudney, being present, was an accomplice, and not a stranger to transaction. While spouses cannot testify against each other, declarations of either may be introduced against accused. 1 R. C. L. 518; Rice v. State, 112 S. W. 299. Declarations of wife in presence of husband that stolen property belonged to him, admissible. State v. Record, 65 S. E. 1010.

Section 7542 of our law is repealed by Stats. 1921, p. 106, so that wife's declarations are admissible against husband.

It was duty of husband to speak and correct false statements of wife made to shield him. State v. Record, supra.

Cross-examination upon any subject not referred to on direct is within discretion of court, and exercise of that discretion is not reversible on writ of error. Harold v. Territory, 10 L. R. A. (N. S.) 604; Wharton's Crim. Law (10th ed.), 1012.

Where witness testified to all the facts inquired about, and his conclusions were properly excluded, it was for jury to draw its conclusions as to bias, etc. The witness admitted animus after crime was committed, and gave his reasons therefor, and any further testimony concerning it was properly excluded.

Objection was sustained to one question, but as counsel saved no exception, no error was committed.

The particular ground of objection or exception must be stated in order to make ruling reversible on appeal. State v. Mangana, 33 Nev. 511.

Allegation in indictment of special or general ownership is sufficient. Wharton, Crim. Law (11th ed.), 1400. To constitute larceny it is not necessary that person taking property knew or had reason to believe property belonged to some certain person. Brooks v. State, 35 Ohio St. 49.

By the Court, SANDERS, J.:

Frank Cudney was informed against, tried, and convicted of having stolen, on the 17th day of May, 1922, a bag of wool weighing 325 pounds, of the value of $104, the personal goods and property of Frank Harmer. The facts are substantially as follows:

On the 17th day of May, 1922, Frank Harmer was engaged in the auto freight business, and had been employed by Joe Sustacho to haul a number of bags of wool from Hennen's sheep-shearing corral, in Elko County, into the city of Elko, to be delivered at the Western Pacific depot. When he reached a point on the Elko-Lamoille highway, on the outskirts of the city of Elko, the bag of wool, alleged to have been stolen, fell from his truck. He made no attempt, because of its weight, to replace it, left it in the highway, and went on with his load into Elko, with the intention of returning. When he returned, four or five hours later, to get the bag of wool, he did not find it. Harmer claimed that the bag bore a brand mark, "Circle H," stamped on the bag by one of the men who had assisted in loading it upon his truck; that there was a three-cornered tear in the bag, six or seven inches one way and about four inches the other. On cross-examination he testified that the wool belonged to Joe Sustacho, and a partner of his, whose name he did not know. A Mr. Hennen, a witness for the defendant, testified that Joe Sustacho had associated with him in the sheep business Raphael M. Gambo and Frisco Gotea. No owner was called as a witness in the case.

Harmer, upon inquiry, was informed that a bag of wool had been seen on an automobile, which answered

the description of Frank Cudney's, on the night of the 17th of May, and upon this information, without notice to Cudney, on the 19th of May, he obtained a search warrant accusing Cudney of the theft of the wool, and caused the same to be delivered into the hands of the sheriff of Elko County to be executed. The sheriff and his undersheriff, on the afternoon of the 19th, went to the premises of Cudney, described in the warrant as being Cudney's "road house," situate about eight miles distant from the city of Elko on the Lamoille road, to execute the warrant. When Cudney was informed by the sheriff that he had a warrant to search his place for wool, Cudney said, "Wool?" The sheriff said, "Yes; do you want the warrant read?" Cudney answered, "Yes." Both officers testified that Mrs. Cudney then appeared and wanted to know what the trouble was; that when informed she said, "You see they are not going to give us time to go in tomorrow and advertise"; or, as expressed by the undersheriff, "Now, you see they don't intend to give us a chance to advertise that wool; we were going to town tomorrow and advertise it." Upon reading the warrant, Cudney led the officers to the wool, which was in thirteen small sacks, covered with hay, in the manger of his barn, and pointed out to them the bag from which it had been taken, hanging on a fence near by. The officers brought the wool into Elko. Cudney was afterwards arrested, taken before a justice of the peace, and bound over to the district court.

Upon the trial Cudney offered himself as a witness in his own behalf, and admitted that on the night of the 17th of May, about the hour of 10 o'clock, when in company with his wife and boy, returning from Elko, he saw the bag of wool in the highway, stopped his automobile, examined the bag, withdrew a number of pelts through the tear in the bag, and loaded it on his car and drove home; that at the time he first took the wool he did not see any mark upon the bag or pelts, but afterwards discovered that the bag bore the brand mark "Circle H," which did not mean anything to him, as it

was indistinct and could not be made out. He claimed that he afterwards put the wool into thirteen small sacks and placed it in the manger in his barn; that, the weather being rainy and his barn leaky, his boy covered the sacks with hay, but not so as to completely conceal them. He claimed that he had no intention of stealing the wool and that he intended to advertise it. In connection with his testimony a letter, bearing date of the 18th of May, written by Mrs. Cudney and directed to the Elko Independent, was introduced in evidence, which reads as follows:

"Editor Independent — Dear Sir: Will you please insert this ad. in Sat. issue 'Found one sack of wool on Lamoille road, inquire of Frank Cudney. Owner pay adv.' I will pay you for this ad. Sat. when I come to town."

The editor of the newspaper produced on the trial the envelope and letter, showing that the letter was posted in the postoffice at Elko on May 19, 3:30 p. m. Other circumstances were detailed by the witness. Cudney, tending to show his good faith in the matter and that he had no intention of stealing the wool, and that his prosecution was prompted by ill-will and malice on the part of Harmer. The jury returned a verdict of guilty, and the court, upon overruling his motion for a new trial, pronounced judgment upon the verdict and sentenced the defendant to state's prison for a period of not less than two years nor more than fourteen years, where he is now incarcerated. The defendant has appealed from the order denying his motion for a new trial and from the judgment.

When the state had concluded its case in chief, the defendant moved for a directed verdict and dismissal, upon the ground that there was a material variance between the ownership as charged in the information and that proved. The motion was denied. In this connection the jury was instructed to the effect that, if they believed from the evidence that the bag of wool alleged to have been stolen was the property of Frank Harmer, "or in the possession and under the control of said

Frank Harmer," the defendant should be found guilty as charged in the information. The ruling on the motion and the instruction are assigned as error. They may be considered together.

1. From the instruction the court evidently was of opinion that there was not a material variance in the ownership as charged and that proved. Undoubtedly the property was not that of Frank Harmer, as alleged; but the proof shows that he was its lawful custodian and entitled to its possession. As against the defendant this was sufficient. 17 Ruling Case Law, p. 67; 2 Brill, Ency. Crim. Law, sec. 751; 3 Bishop, New Crim. Proc. (2d ed.), secs. 720, 721; 3 Wharton, Crim. Law (11th ed.), sec. 1170. In a case of robbery (State v. Ah Loi, 5 Nev. 99) it was held that, if the person robbed have a general or special property in, or a right to the possession of, the goods taken, it is sufficient; otherwise, the statute would be defeated. We extend the rule to a case of larceny, and hold that the statute defining larceny would be defeated, if there could be no larceny, except when property is taken from the absolute owner.

"Where an indictment lays the ownership of stolen property in one who is its lawful custodian and entitled to its possession, * * * it is not a fatal variance if the proof shows that the legal title to the property was in some one other than the person in whose possession it was and who had the care and management of it." Parker v. State, 75 Fla. 741, 78 South. 980, 2 Am. Law. Rep. 350.

The motion for a directed verdict upon the ground of variance was properly overruled, and, while the instruction relating to ownership is crudely drafted, it was not erroneous.

2. It is urged on behalf of appellant that the court erred in permitting the officers to state what the wife of the defendant said when the search warrant was read to her husband. It is contended that the wife's statements were not binding upon the defendant and were highly prejudicial. If there was error in their admission, it was cured by the subsequent testimony of the

defendant, which was to the effect that it was his intention to advertise the wool, and through his wife he had endeavored to do so in good faith, and that he had no intention of stealing the property at the time it was found, or afterwards. The wife's statements were in entire accord with her husband's defense, and, if believed, were helpful, rather than prejudicial.

It is claimed that the defendant was unduly restricted in his cross-examination of the complaining witness, Frank Harmer, in his endeavor to show by the witness that his prosecution of the defendant was the result of ill-will and malice, and without probable cause. On the contrary, we are impressed that counsel for the defendant was permitted to press his privilege to the limit, and it was only when he transcended the legitimate scope of cross-examination that the court called a halt.

The appellant questions the correctness of certain instructions upon the facts necessary to justify a conviction of the finder of lost property of the crime of larceny. No point is made that the property alleged to have been stolen was not actually lost, and the case seems to have been tried upon the assumption that the defendant when he first took the property reasonably supposed it to have been actually lost. The court's directions to the jury embodied the principles of law applicable to the larceny of property found in the highway, stated generally in the case of State v. Clifford, 14 Nev. 72, 33 Am. Rep. 526, to be as follows:

"When property is found in the highway, and the finder knows the owner, or there be any mark upon it by which the owner may be ascertained, and the finder instead of restoring it converts it to his own use, such conversion will constitute a felonious taking. If there be no notice of the owner at the time of finding, yet if there be a felonious intention to appropriate the property, coupled with a reasonable belief that the owner could be found, it would be larceny. But the finder of lost property who takes possession of it not intending to steal it at the time of the original taking, is not rendered guilty of larceny by any subsequent felonious intention to convert it to his own use."

None of the instructions given to the jury was at variance with these rules, and while error is assigned to the court's refusal to give certain instructions requested by the defendant upon the subject of the larceny of property found in the highway, we conclude from the reasons endorsed upon the instructions for their refusal that they were properly refused.

3. It is strongly urged that, under the law applicable to the undisputed facts and circumstances in evidence, the jury was not justified in finding a felonious intent on the part of the defendant. In a case of this kind, the question whether the property was originally taken with a felonious intent is always a question of fact, and usually the principal one, for the jury to determine. In this, as in any other case, the felonious intent may be inferred from the facts and circumstances preceding, attending, and following the finding of the property. Ransom v. State, 22 Conn. 153; Allen v. State, 91 Ala. 19, 8 South. 665, 24 Am. St. Rep. 856; Com. v. Titus, 116 Mass. 42, 17 Am. Rep. 138.

4. Even though the evidence fails to show that the defendant knew the owner of the bag of wool, and that he had notice at the time he took it by any mark upon it furnishing immediate means of finding who the owner was, still the question of whether the defendant appropriated the wool and converted it to his own use with a felonious intent, coupled with a reasonable belief that the owner could be found, was fairly found against the defendant, and we are in no position to substitute our judgment for that of the jury, if we felt so inclined.

5. It appears that by a singular oversight the learned and high-minded judge who presided on the trial of this case gave an instruction in violation of section 310 of the criminal practice act (Rev. Laws, 7160), as amended (Stats. 1915, p. 191), which provides that no special instruction shall be given relating exclusively to the testimony of the defendant, or particularly directing the attention of the jury to the defendant's testimony. No objection was interposed by the defendant to the giving of the instruction, and no advantage is taken

of it on this appeal. This being true, and the statute having been enacted for the benefit of defendant, we decline to examine the instruction.

The judgment and order appealed from are affirmed.