ARMAND J. HARVEY, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 4487

October 12, 1962                     375 P.2d 225

*Dwight B. Claar, Jr.,* of Las Vegas, for Appellant.

*Charles E. Springer,* Attorney General; *John F. Mendoza,* District Attorney, Clark County; *Charles L. Garner* and *William S. Barker,* Deputy District Attorneys, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

A jury found Harvey guilty of grand larceny. Judgment was duly entered upon the verdict and sentence imposed. He appeals. We believe the judgment of conviction must be reversed because of an error committed by the trial court while orally instructing the jury regarding the elements constituting the offense of grand larceny. A brief factual recitation will suffice for the purpose of focusing attention upon the mistake made.

Victor Havas, the complaining witness, operated a used-car business in Las Vegas. He had inherited certain items of jewelry which were kept in his office desk. The defendant Harvey, whom he had met previously, called at his office to either appraise the jewelry or purchase it. Havas placed the jewelry on his office desk for examination by Harvey. After the lapse of a few minutes, Havas departed to attend a customer. When he later returned to his office, Harvey was gone. At that time Havas did not realize that his jewelry was also missing. He became aware of that fact later when Harvey telephoned him advising that he, Harvey, had an

offer for the jewelry. Havas told Harvey to return immediately. Harvey did not return; instead, he sold the jewelry and left Las Vegas. He was subsequently apprehended in California and returned to Nevada to stand trial upon the charge of grand larceny.

Though Harvey did not testify at the trial, his theory of defense was clearly advanced by his counsel during cross-examination of the state's witnesses, by the jury instructions offered but refused, and by summation to the jury. It was that Harvey could not be convicted of the crime charged, grand larceny, because the specific intention to deprive Havas of the jewelry did not arise until after the telephone conversation and did not, therefore, coincide with the original taking and possession.

Several states have, by legislative enactment, combined the common-law crimes of larceny, false pretenses, and embezzlement into one offense under a general theft statute.[1] This legislation is designed to simplify procedure and to relieve courts from technical questions arising from contentions that the evidence shows the commission of one of these crimes other than that alleged in the information. Nevada is not, however, among these states. It is necessary, therefore, that upon a charge of one of these offenses the state establish all the elements required for a conviction under the common law. In this regard Nevada law is settled that, to constitute larceny, there must exist in the mind of the perpetrator, at the time of the taking, the specific intent to permanently deprive the owner of his property. A taking with the intention of returning the property, or a taking without the intent to permanently deprive the owner of his property, will not amount to larceny, even though the perpetrator, after gaining possession of the property, formed that intent. State v. Clifford, 14 Nev. 72, 33 Am.Rep. 526; State v. Ward, 19 Nev. 297, 10 P. 133; Robinson v. Goldfield Merger

[1]Ariz.Crim.Code, secs. 13–661 and 13–662; Calif.Pen.Code, secs. 484 and 490a; Mont.Rev.Codes, sec. 94–2701. See also V.A.M.S., sec. 556.200.

Mines Co., 46 Nev. 291, 213 P. 103. The requirement that the original taking and the felonious intent coexist in point of time was properly mentioned in the written instructions given in the instant case. Moreover, we recognize that the question of whether the property was originally taken with such intent is one of fact, the determination of which is to be made from a consideration of all the circumstances preceding, attending and following the taking of the property. State v. Cudney, 47 Nev. 224, 218 P. 736. In the case before us there was an arguable issue regarding the time when Harvey formed the intent to steal. Indeed, defense counsel in summation devoted particular attention to that issue. He argued, in substance, that though his client might be guilty of some crime, he was not guilty of larceny. Thus, when the case was submitted to the jury for deliberation, the theory of Harvey's defense had been made clear, and the jury had been properly instructed by the court. Had nothing further occurred our task would be easy. However, after the jury had deliberated for some time, it returned to court to ask a question.

"The Court: Do you have a question?

"Mr. Blair (Foreman) : Yes. We have come to the point of we'd like a definition of wrongful coming into possession. In other words, according to the record, we would like to know whether wrongful possession could mean at the time the telephone call was allegedly made * * * by the defendant to Mr. Havas, as well as in the beginning when the merchandise was first examined in his business."

The court answered the question orally, and at length. Its answer precipitated further questions or statements by the foreman, one of them being:

"The Foreman: This entire thing is complex in whether he either stole it or embezzled it."

It is not necessary to set out in full the discourse by the court in response to questions by the jury foreman. It comprises six pages of the transcript. It is sufficient to state that on three separate occasions the

court, inter alia, informed the jury that it was immaterial when Harvey formed the intent to permanently deprive Havas of his jewelry. Furthermore, the court concluded with this statement: "You have to determine, plain and simple, whether at the time the jewelry was placed on the desk, as Mr. Havas testified, you have to determine from the evidence whether or not it was taken without his knowledge or consent by this defendant and whether it was worth $100 or under $100, that is what you have to determine." To this statement the foreman responded: "Gee! It would have been so simple!" The jury then retired, and promptly returned a verdict finding Harvey guilty of grand larceny. The Nevada cases which we have cited, State v. Clifford, 14 Nev. 72, 33 Am.Rep. 526; State v. Ward, 19 Nev. 297, 10 P. 133; Robinson v. Goldfield Merger Mines Co., 46 Nev. 291, 213 P. 103, establish that the oral instructions referred to were incorrect statements of the law. Moreover, they were in conflict with correct written instructions previously given.

In a criminal case, conflicting instructions upon a given subject, one correct and the other erroneous, are presumed to be injurious unless the record clearly shows otherwise. State v. Ferguson, 9 Nev. 106; State v. Scott, 37 Nev. 412, 142 P. 1053; State v. Milosovich, 42 Nev. 263, 175 P. 139. If the jury is misled by such conflicting instructions, a new trial is warranted. State v. McGinnis, 5 Nev. 337. The record before us reveals a perplexed jury. It could not decide the case until its confusion regarding the onset of Harvey's criminal intent was resolved. Upon being erroneously advised that their concern with this element of larceny was immaterial, they promptly concluded that the defendant was guilty.

In spite of this the state contends that the error was "harmless." NRS 169.110. Such contention cannot prevail where, as here, the record affirmatively discloses a prejudice to the defendant in respect to a substantial right.

Finally our attention is directed to the absence of any objection to the oral instructions given by the court or any exception thereto. Because of such failure to object or except, the state argues that we may not consider such instructions on review. By virtue of NRS 175.515 *written* instructions requested, whether given or refused, or given by the court of its own motion, need not be excepted to, and any error regarding them may be taken advantage of on appeal. However, *oral* instructions are not therein referred to. Nor do the provisions of NRS 175.500, 175.510, 175.520 and 175.525 dealing with matters deemed excepted to in criminal cases appear to include *oral* instructions given by the trial court.

However, NRS 175.165(6) does provide, in part: "* * * and in no case shall any charge or instructions be given to the jury otherwise than in writing, unless by the mutual consent of the parties."[2] The statutory mandate is clear. In People v. Bonds, 1 Nev. 33, the statute was applied, the court finding prejudicial error where consent to the oral instruction did not affirmatively appear. See also State v. Fisher, 23 Mont. 540, 59 P. 919, annot., 115 A.L.R. 1337, where cases are collected. Notwithstanding People v. Bonds, supra, this court in the case of State v. Clarke, 48 Nev. 134, 228 P. 582, held squarely that oral instructions, when given without the mutual consent of the parties, are *not* deemed excepted to. For that reason, the court in *Clarke,* declined to decide whether the trial court's comment to the jury was an instruction and, if so, whether it violated a certain statute. Apparently the court in *Clarke* was not familiar with People v. Bonds, supra, for it was not cited.[3] In any event, the conflict is apparent.

---

[2]The case of State v. Lewis, 59 Nev. 262, 271, 91 P.2d 820. 823, is of interest for it reflects the procedure one trial court employed when faced with the oral instruction problem.

[3]Indeed, in State v. Clarke, supra, the court based its conclusion in this regard upon State v. Clark, 36 Nev. 472, 135 P. 1083, which had been expressly overruled on rehearing. See State v. Clark, 38 Nev. 304, 149 P. 185.

The record here does not affirmatively show consent by the parties to the giving of any oral instruction. In *Bonds* the absence of such consent permitted appellate consideration. In *Clarke* the court apparently implied consent by reason of counsel's silence, and then imposed upon counsel the duty to object if he wished to preserve a point for later appellate review. We deem the holding in *Bonds* to be correct and the holding in *Clarke* to be wrong. The absence of mutual consent of the parties to an oral instruction must be considered as an objection to the giving of such instruction. A formal objection need not be stated nor exception taken. Manifestly, if written instructions, given after preparation and the opportunity for discussion and deliberation by court and counsel, are to be deemed excepted to, there is even more reason to apply the same rule to oral instructions which are sometimes given spontaneously. State v. Clarke, supra, is overruled insofar as it is inconsistent with the views expressed herein.

For the reasons stated, the judgment below is reversed and the cause remanded for a new trial. The custody of Armand J. Harvey shall be transferred from the warden of the Nevada State Prison to the sheriff of Clark County, Nevada, to be held by the latter until and during such new trial or further order, judgment or commitment of the trial court, unless sooner admitted to bail.

BADT, C. J., and MCNAMEE, J., concur.