**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALMA DELIA SERVIN-ESCUDERO, AKA Alma Delia Escudera, AKA Alura Delia Escudero, AKA Alma Delia Servin, AKA Alura Delia Servin, | No. 10-73753 |
| Petitioner, | Agency No. A072-957-365 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 10, 2014
San Francisco, California

Before: CANBY, W. FLETCHER, and WATFORD, Circuit Judges.

Alma Delia Servin-Escudero, a native and citizen of Mexico, petitions for

review of a decision by the Board of Immigration Appeals (BIA) affirming an

Immigration Judge's decision denying her application for cancellation of removal.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Servin-Escudero contends that her Nevada state law conviction for grand larceny under Nevada Revised Statutes § 205.220 (1997), for which she received a 32-month sentence, is not an aggravated felony because it lacks the "without consent" element of generic theft.

Generic theft under 8 U.S.C. § 1101(a)(43)(G) is defined as "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." We have elaborated on the definition of generic theft as requiring "[1] a taking of property or an exercise of control over property [2] without consent [3] with the criminal intent to deprive the owner of the rights and benefits of ownership, even if such deprivation is less than total or permanent." *Mandujano-Real v. Mukasey*, 526 F.3d 585, 589–90 (9th Cir. 2008).

The parties agree that § 205.220 is divisible and that only subsection (1)(a) is relevant here. Section 205.220(1)(a) subjects to punishment any person who "intentionally steals, takes and carries away, leads away or drives away . . . [p]ersonal goods or property, with a value of $250 or more, owned by another person."[1]

---

[1] The statute has since been revised so that the value of the property in question must be at least $650. Nevada Revised Statutes § 205.220 (2011).

Section 205.220(1)(a) does not explicitly include the "without consent" element required by our case law. But we read the statute as requiring proof that the defendant intentionally stole and took the property in question; only the element "carries away, leads away or drives away" may be proved in the alternative. *See Stephans v. State*, 262 P.3d 727, 730 (Nev. 2011) (defining grand larceny under § 205.220(1)(a) as "intentionally stealing property, owned by another person, having a value of $250 (now $650) or more"). We have previously held that a showing that property is "stolen" is sufficient to demonstrate a lack of the owner's consent. *Randhawa v. Ashcroft*, 298 F.3d 1148, 1153–54 (9th Cir. 2002). Thus, because § 205.220(1)(a) requires proof of "steal[ing]," the statute includes the "without consent" element.

To support a contrary interpretation, Servin-Escudero must—but did not—demonstrate "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007); *accord Nicanor-Romero v. Mukasey*, 523 F.3d 992, 1004 (9th Cir. 2008), *overruled on other grounds by Marmolejo-Campos v. Holder*, 558 F.3d 903, 911 (9th Cir. 2009) (en banc). In other words, Servin-Escudero must demonstrate a realistic probability that a person could be found guilty of violating § 205.220(1)(a) despite having

stolen and taken the property in question *with* the owner's consent.  Servin-Escudero failed to make this showing.

Section 205.220(1)(a) otherwise contains the elements of generic theft.  *See Harvey v. State*, 375 P.2d 225, 226 (Nev. 1962) ("Nevada law is settled that, to constitute larceny, there must exist in the mind of the perpetrator, at the time of the taking, the specific intent to permanently deprive the owner of his property.").  Accordingly, the BIA did not err in holding that Servin-Escudero's grand larceny conviction constitutes an aggravated felony rendering her ineligible for cancellation of removal.

**PETITION FOR REVIEW DENIED.**