**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INES SAUL VASQUEZ-GONZALEZ, | No. 11-73775 |
| Petitioner, | Agency No. A090-152-894 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2014[**]
San Francisco, California

Before: CANBY, W. FLETCHER, and WATFORD, Circuit Judges.

Ines Vasquez-Gonzalez, a native and citizen of Mexico, petitions for review

of a decision of the Board of Immigration Appeals affirming an Immigration

Judge's decision ordering Vasquez-Gonzalez to be removed to Mexico.

Vasquez–Gonzalez conceded removability but contends that the BIA erred in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concluded this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

determining that he was ineligible for cancellation of removal because his Nevada state-law conviction for attempted grand larceny of a motor vehicle constituted an aggravated felony under the Immigration Act. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo the legal question of whether an offense is an aggravated felony under 8 U.S.C. § 1101(a). *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012). We deny the petition for review.

In 2007, Vasquez–Gonzalez, a lawful permanent resident of the United States, was sentenced to 12 months in the Clark County Detention Center after he pleaded guilty to attempted grand larceny of a motor vehicle under sections 193.330 and 205.228 of the Nevada Revised Statutes. The BIA determined that attempted grand larceny "is categorically an aggravated felony attempt to commit a theft offense under [the Immigration and Nationality] Act," rendering Vasquez–Gonzalez statutorily ineligible for cancellation of removal.

To determine whether a state conviction qualifies as an aggravated felony under federal law, we apply the categorical test set forth by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990), which requires "a categorical comparison of the elements of the state statute of conviction to the generic definition of a theft offense." *Verdugo–Gonzalez v. Holder*, 581 F.3d 1059, 1060 (9th Cir. 2009). As used in this context, the term "aggravated felony" includes

2

"theft offense[s] . . . for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G). This Circuit has generically defined a theft offense as "[1] a taking of property or an exercise of control over property [2] without consent [3] with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *Carrillo-Jaime v. Holder*, 572 F.3d 747, 750 (9th Cir. 2009) (quoting *United States v. Corona-Sanchez*, 291 F.3d 1201, 1205 (9th Cir. 2002) (en banc)). Vasquez–Gonzalez argues that a grand-larceny conviction under Nevada Revised Statutes § 205.228 does not require that the defendant acted with an intent to deprive and thus fails the categorical test. (He does not dispute that the crime of attempt includes the element of intent to commit the attempted offense. *See* Nev. Rev. Stat. § 193.330.)

Section 205.228 of the Nevada Revised Statutes provides that a "person who intentionally steals, takes and carries away, drives away or otherwise removes a motor vehicle owned by another person commits grand larceny of a motor vehicle." Nev. Rev. Stat. § 205.228. We read this statute as requiring proof that the accused intentionally stole and took the motor vehicle; only the element "carries away, drives away, or otherwise removes" may be proved in the alternative. Moreover, the Nevada Supreme Court has consistently acknowledged

3

that the specific intent to deprive an owner of his or her property is an element of a theft offense. *See Grant v. State*, 24 P.3d 761, 766 (Nev. 2001) (citing Nevada's statutory definition for grand larceny and concluding that the prosecution had adduced sufficient evidence to support the requisite finding of intent to permanently deprive owner of property); *Harvey v. State*, 375 P.2d 225, 226 (Nev. 1962) ("Nevada law is settled that, to constitute larceny, there must exist in the mind of the perpetrator, at the time of the taking, the specific intent to permanently deprive the owner of his property."); *see also Foreshee v. Runnels*, No. CIVS03-1647, 2007 WL 2505578, at *7 (E.D. Cal. Aug. 31, 2007) ("The Nevada Supreme Court has long held that larceny requires an intent to permanently deprive the owner of his or her property."). In applying the categorical approach, "we consider not only the language of the state statute, but the interpretation of that language in [state] judicial opinions." *Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1016 (9th Cir. 2006). Contrary to Vasquez-Gonzalez's contention, none of the above authorities is undermined by the fact that the Nevada legislature, in enacting a different statute defining theft in 1989, specified an element of intent to permanently deprive the owner of property. The decisions cited above both before and after that enactment include the requisite intent element as inherent in larceny or stealing.

4

Although Vasquez-Gonzalez does not raise the point, we note that Nevada Revised Statutes § 205.228 also does not expressly require that the stealing and taking be "without consent," which is an element of generic theft.  Here, too, the element of lack of consent is inherent in the definition of larceny or stealing.  We have previously held that a showing that property is "stolen" is sufficient to demonstrate a lack of the owner's consent.  *Randhawa v. Ashcroft*, 298 F.3d 1148, 1153–54 (9th Cir. 2002).  Because § 205.228 requires proof of stealing, the element of lack of consent is included and satisfied.

To support a contrary interpretation, Vasquez-Gonzalez would have to demonstrate "a realistic probability, not a theoretical possibility, that the State could apply its statute to conduct that falls outside the generic definition of a crime."  *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).  He has made no showing that there is a realistic possibility that a person could be found guilty of violating § 205.228 when he had stolen and taken the property *with* the owner's consent.

Accordingly, because a conviction under section 205.228 satisfies the elements of intent and lack of consent of a generic theft offense and is otherwise no broader than the generic theft offense, Vasquez–Gonzalez's conviction categorically qualifies as an aggravated felony under the INA.  *See Descamps v.*

5

*United States*, 133 S. Ct. 2276, 2283 (2013). Vasquez-Gonzalez's petition for review is **DENIED**.