**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YZNN LOUIS YRASTORZA,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-71033<br><br>Agency No. A074-545-505<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2016[**]
Pasadena, California

Before: KLEINFELD, McKEOWN, and IKUTA, Circuit Judges.

Yznn Yrastorza petitions for review of the Board of Immigration Appeals'

(BIA) decision that he is removable as an alien convicted of an aggravated felony

theft offense. *See* 8 U.S.C. §§ 1101(a)(43)(G), 1227(a)(2)(A)(iii). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction to review Yrastorza's legal and constitutional claims under 8 U.S.C. § 1252(a)(2)(D).

The BIA did not err in holding that Yrastorza's Nevada conviction for larceny from the person, Nev. Rev. Stat. § 205.270, qualified as an aggravated felony theft offense under 8 U.S.C. § 1101(a)(43)(G). The BIA correctly determined that the elements of section 205.270 of the Nevada Revised Statutes criminalize the same or lesser conduct as the federal generic theft offense, *see United States v. Corona-Sanchez*, 291 F.3d 1201, 1205 (9th Cir. 2002) (en banc), because in Nevada the "intent to steal" means "the specific intent to permanently deprive the owner of his property," *Harvey v. State*, 375 P.2d 225, 226 (Nev. 1962); *see also Grant v. State*, 24 P.3d 761, 766 (Nev. 2001).

We have defined "theft offense" for purposes of § 1101(a)(43)(G), *see Corona-Sanchez*, 291 F.3d at 1205, and the word "theft" has an accepted common law definition, *id.* Therefore, the definition of aggravated felony as including a "theft offense" is not unconstitutionally vague or overbroad. *See Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015).

PETITION DENIED.