# EX PARTE HAYS.

HABEAS CORPUS — JURISDICTION — CRIMINAL LAW — JUDGMENT—
VALIDITY.

15 | 77
e28 | 270

1. Where a prisoner convicted of the crime of murder is in the custody of the proper officer, who detains him under a warrant, fair and regular on its face, issued after conviction and judgment by a court of record, which had jurisdiction of the person and subject-matter, he will not be discharged on *habeas corpus.*

2. In a criminal case, where the district court has jurisdiction of the person and cause, its judgment is binding on all the world, until reversed in a regular way by appeal. *A fortiori* is this so after the judgment has been affirmed by the supreme court. Such a judgment is final, and pronounces the law of the case; and the supreme court will not, upon *habeas corpus,* look beyond it, and review the proceedings upon which the judgment was pronounced.

3. A prisoner's detention under a judgment, the commitment being regular on its face, cannot be unlawful unless the judgment is an absolute nullity, and irregularities and mere errors in proceedings will not render it an absolute nullity, although they may render it voidable; and, when voidable only, it is conclusively presumed to be valid until reversed, and it cannot be reversed by *habeas corpus.*

4. Where a case has been tried in a district court, and the judgment rendered at the trial has been affirmed by the supreme court, such trial and judgment will be presumed to be legal, and cannot be questioned upon *habeas corpus* for anything except a want of jurisdiction, shown upon the face of the record or proceedings, as ruled upon in the supreme court.

(No. 720. Decided Jan. 15, 1897.)

Application by Harry Hays for a writ of *habeas corpus.*
Denied.

*Powers, Straup & Lippman,* for petitioner.

*A. C. Bishop,* Attorney General, and *F. B. Stephens,* for
respondent.

No briefs were filed.

BARTCH, J.:

The petitioner in this case on the 1st day of April, 1896,
was convicted of the crime of murder in the first degree,
and thereafter judgment of death by hanging was pro-
nounced against him; and since then he has been in the
custody of the sheriff of Utah county, who justifies his
detention of the petitioner by virtue of the death warrant
and commitment issued to him by the district court of
said county.  The warrant and commitment, a copy of
which is attached to the petition, appear to be regular
and in proper form.  He complains that the sentence or
judgment by virtue of which he is in confinement is void,
because, as he maintains, his trial was not conducted in
pursuance of law, and that, therefore, his detention is
illegal.  The contention of the petitioner is that the
jurors who sat in the trial of the case were not drawn
pursuant to any valid law of the state; that the act under
which they were drawn to serve as jurors was unconsti-
tutional, and was repealed by a later law, which took
effect prior to the commencement of the trial; and that
as jurors who sat in the trial of the case were sum-
moned under the repealed law, and as the trial was con-
ducted under the later law, an error which is fatal to the
judgment and sentence was committed.  This case was
appealed to this court, but none of these points were pre-

sented in that appeal, and the judgment was affirmed. 14 Utah 118.

The important and decisive question, which confronts us at the outset, is, can this court, in a collateral proceeding by *habeas corpus*, look beyond the judgment, and determine questions which arose during the trial of the case, and which, if they had been presented in the record on appeal, might have resulted in a reversal of the judgment? We think not. The warrant appears fair and regular on its face, and that the district court in which the case was tried had jurisdiction of the person and subject-matter is not, and cannot be successfully, questioned. This being so, and that court being a court of record, its judgment is binding upon all the world until reversed in a regular way by appeal. *A fortiori* is this so after the judgment has been affirmed by this court. Such a judgment is final, and pronounces the law of the case. With what propriety, then, can this court, by means of *habeas corpus*, substantially reverse a judgment which the law has placed beyond our control? The prisoner's detention under the judgment, the commitment being regular on its face, cannot be unlawful unless that judgment is absolutely null and void; and it cannot be null and void, when the court had general jurisdiction of the person and subject-matter, even though it may have erred in its proceedings during the trial. Irregularities and mere errors in proceedings will not render a judgment an absolute nullity, although they may render it voidable, and when voidable only it is conclusively presumed to be valid until reversed, and it cannot be reversed by *habeas corpus*, because *habeas corpus* does not authorize the exercise of appellate jurisdiction; and "no inquiry," says Chancellor Kent, "is to be made into the legality of any process, judgment, or decree, * * * where the party is

detained under the final decree or judgment of a compe-
tent court." 2 Kent, Comm. 30. The district court being
a court of general jurisdiction, the offense charged
against the prisoner was cognizable in that court, and it
was competent to inflict the punishment provided by law
for the offense of which the prisoner was convicted; and
its judgment, not being reversed, has all the obligation
which the judgment of any tribunal can have.

If the judgment be voidable only, and hence obligatory,
because not reversed, we cannot look beyond it on *habeas
corpus*. If it be absolutely void, the officer who detains
the prisoner and obeys the judgment is guilty of false
imprisonment. Would counsel for the prisoner in this
case undertake to maintain the position that the officer
is guilty of false imprisonment? Clearly, the detention
is authorized by the judgment and warrant, and the im-
prisonment is not illegal. "The *habeas corpus* is undoubt-
edly an immediate remedy for every illegal imprison-
ment. But no imprisonment is illegal where the process
is a justification of the officer; and process, whether by
writ or warrant, is legal whenever it is not defective in
the frame of it, and has issued, in the ordinary course of
justice, from a court or magistrate having jurisdiction
of the subject-matter, though there have been error in the
proceedings previous to the issuing of it." *Com.* v. *Lecky*,
1 Watts 66.

In *Ex parte Watkins*, 3 Pet. 193, the petitioner was im-
prisoned by virtue of a judgment of a circuit court of the
United States. The motion to discharge was founded on
the allegation that the indictment charged no offense for
which the prisoner was punishable in that court, and
that, consequently, the proceedings were *coram non
judice*, and totally void. A copy of the indictment was
annexed to the petition. The supreme court of the

United States declined to look into the indictment to ascertain whether the circuit court had misconstrued the law, maintaining that they had no power to look beyond the judgment in that case upon *habeas corpus*. Mr. Chief Justice Marshall, in the course of his opinion, said: "An imprisonment under a judgment cannot be unlawful unless that judgment be an absolute nullity; and it is not a nullity, if the court has general jurisdiction of the subject, although it should be erroneous." In the case of *In re Callicot*, 8 Blatchf. 89, Fed. Cas. No. 2,323, the petitioner alleged that he was imprisoned under a sentence of the circuit court of the United States, and charged that his imprisonment was illegal, "for the reason that the law under which such sentence was imposed had been changed and repealed before said sentence was passed." The court refused to examine the question thus presented, and denied the motion for the writ. So, in *Ex parte Parks*, 93 U. S. 18, Mr. Justice Bradley, delivering the opinion of the court, said: "When a person is convict or in execution by legal process issued by a court of competent jurisdiction, no relief can be had. Of course, a superior court will interfere if the inferior court had exceeded its jurisdiction, or was not competent to act." So, in *Ex parte Winston*, 9 Nev. 71, the court, by Mr. Justice Hawley, said: "On *habeas corpus* the judgment of an inferior court cannot be disregarded. We can only look at the record to see whether a judgment exists, and have no power to say whether it is right or wrong. It is conclusively presumed to be right until reversed; and, when the imprisonment is under process valid on its face, it will be deemed *prima facie* legal, and, if the petitioner fails to show a want of jurisdiction in the magistrate or court whence it emanated, his body must be remanded to custody." 2 Kent, Comm. pp. 29, 30; Church, Hab.

15 Utah—6

Corp. § 363; Hurd, Hab. Corp. § 333; *Ex parte Gibson*, 31 Cal. 619; *Passmore Williamson's Case*, 26 Pa. St. 9; *Ex parte Siebold*, 100 U. S. 371; *Ex parte Scwartz*, 2 Tex. App. 74; *Ex parte Twohig*, 13 Nev. 302; *Com.* v. *Lecky*, 26 Am. Dec. 37, 40; 9 Am. & Eng. Enc. Law, 224.

If, in the case at bar, the jurors were not selected and summoned in pursuance of law, and the petitioner was not satisfied with those drawn, he was not without a remedy; for he could have interposed his objections by a challenge to the panel, as provided by statute. Comp. Laws Utah 1888, §§ 5004, 5009. The district court was competent to determine whether or not the jurors had been erroneously selected. That court had undoubted power to determine all the questions of which the petitioner now complains, and if its determination as to any one of them was erroneous, or if it failed to rule on any one of them when it ought to have done so, the petitioner had an opportunity to bring the matter up in his record on appeal. If he failed to bring up his whole case, it is his own misfortune. He cannot be allowed to bring up part of it, and, after this court has affirmed the judgment, have the balance considered upon *habeas corpus*. Where a case has been tried in a district court, and the judgment rendered at the trial has been affirmed by the supreme court, such trial and judgment will be presumed to be legal, and cannot be questioned upon *habeas corpus* for anything except a want of jurisdiction, shown upon the face of the record or proceedings, as ruled upon in this court. *Daniels* v. *Towers*, 79 Ga. 785.

We are of the opinion that the officer in this case lawfully detained the prisoner in custody. Having reached this conclusion, it is unnecessary to determine whether or not the act in question is unconstitutional, or was repealed. The writ is denied, and the prisoner is remanded.

Zane, C. J., and Miner, J., concur.