THE STATE OF UTAH, Respondent, v. J. H. CLARK, Appellant.

No. 1507.    (74 Pac. 119.)

1. Criminal Law: Larceny: Identification of Property Evidence: Witnesses: Answers: Objections.
Where, on a prosecution for larceny, it appeared that defendant, with two confederates, was in a saloon with the prosecutor; that one of the confederates took from the prosecutor's pocket $70 in $5 and $10 greenback bills, and handed them to his confederate, who handed them to defendant; that the officer pursuing defendant to arrest him noticed him taking a roll which looked like greenback bills from his hip pocket, and placing them in his inside pocket; that on making the arrest the officer found the roll in the prisoner's inside pocket, containing $50 in greenbacks; that the money found on defendant amounted to $60 in greenbacks, in $5 and $10 bills, which in appearance were like those claimed to have been stolen—the answer of the prosecutor to the question asked as to the identity of the money, that it was the same money that was taken out of his pocket, was not open to the objection that it was not the best evidence, and stated a mere opinion of the witness.

2. Same.
To make available an objection that a part of an answer of a witness is not responsive to the question asked, an objection must have been interposed on that ground.

3. Same. Instructions: Exceptions.
An exception to an instruction on the ground that it contains an improper and inaccurate statement of the law raises no question on appeal.

4. Same.
An exception to an instruction on the ground that it contains a partial and incomplete statement of the evidence and an

inaccurate statement of the law, but without showing wherein it is inaccurate, raises no question on appeal.

**5. Same: Appeal: Sufficiency of Evidence: Verdict.**
The Supreme Court will not disturb a verdict of conviction in a criminal case on the ground of the insufficiency of the evidence to sustain it, unless there is no evidence in the record to support it.

(Decided November 9, 1903.)

Appeal from the Third District Court, Salt Lake County.—*Hon. Charles W. Morse,* Judge.

The defendant was convicted of the crime of grand larceny and appealed.

AFFIRMED.

*Messrs. Kinney & Christensen* for appellant.

The unexplained possession by one person of goods belonging to another is not of itself evidence that a larceny has been committed; and before any inference can be drawn from the evidence of such possession it must be proved that the goods in question had been stolen. 18 Am. and Eng. Ency. of Law (2 Ed.), 486, and cases cited; People v. Swasey, 6 Utah 93; People v. Hart, 10 Utah 204; People v. Williams, 57 Cal. 108; People v. Getty, 49 Cal. 581.

There is no difference in principle between the possession of stolen money and the possession of stolen goods of any other description, as affording presumptive evidence that the person having the possession was the thief, though it may be entitled to less weight, because money is constantly passing from hand to hand. 18 Am. and Eng. Ency. of Law, 487, and cases cited.

The identification of current money is obviously a matter of difficulty in any case, and it is not sufficient merely to show that the pieces found in the possession of the accused are similar to the money that had been stolen. 18 Am. and Eng. Ency. of Law (2 Ed.), 487.

*Hon. M. A. Breeden,* Attorney-General, and *Hon. W. R. White,* Deputy Attorney-General, for the State.

BARTCH, J.—The defendant was prosecuted for and convicted of the crime of grand larceny. Upon sentence for a term of imprisonment in the penitentiary having been pronounced against him, he appealed to this court.

It appears from the record that on the night of April 27, 1903, J. H. Clark, the defendant, Albert Clark, Z. Graham, C. F. Johnson, and others, were together in a saloon in Salt Lake City, and had been drinking, that Johnson was considerably under the influence of liquor, and that while standing at the bar of the saloon, talking with others, Graham reached into Johnson's pocket and took therefrom about $70 in $5 and $10 greenback bills, and immediately handed them to Albert Clark, who immediately passed them to the defendant, and he put them into his hip pocket. They were all standing close together, and the witness Harrison saw the whole performance. Johnson felt the withdrawal of the hand from his pocket, and at once accused Graham of robbing him. Graham, having passed the money to his confederates, threw up his hands and asked to be searched. Afterwards when the police officer was pursuing the defendant to arrest him for the theft, the officer, before overtaking him noticed him taking a roll which looked like greenback bills from his hip pocket, and placing it into his inside pocket. Upon making the arrest the officer found the roll in the prisoner's inside pocket, the same containing $50 in greenbacks. The money found upon the prisoner amounted to $60 in greenbacks, consisting of $5 and $10 bills, which in appearance were like those claimed to have been stolen. During the course of the trial, the prosecution, while examining the complaining witness Johnson with reference to the identity of the money, asked the following question: "Where did you see it?" The witness answered: "I saw it here yesterday, and I think it is the

same money that was taken out of my pocket.'' The defense thereupon moved to strike out the latter part of the answer on the ground that it was not the best evidence, and stated a mere opinion of the witness. The motion was denied, and it is now insisted that the court erred in its ruling. We are of the opinion that, considering all the other evidence contained in the record, the court did not commit reversible error in denying the motion. That part of the answer referred to was subject to the criticism that it was not responsive, but there was no objection interposed on that ground.

The appellant also contends that the court erred in giving instructions numbered 4 and 5. The exceptions to these paragraphs are as follows: ''The defendant excepts to the action of the court in giving paragraph No. 4 of the instructions of the court at the time, on the ground that it contained an improper and inaccurate statement of the law. Defendant excepted to the fifth paragraph on the ground that it contained a partial and incomplete statement of the evidence, and an inaccurate statement of the law.'' The exception to the fourth paragraph simply amounts to a general exception to the entire paragraph, and raises no question for our consideration, this court having repeatedly held that such an exception is insufficient. The exception to the fifth paragraph is not well taken. Upon examination of the instruction, we are of the opinion that the evidence is sufficiently stated, and the exception points to no material fact omitted. Nor does it show wherein the law was inaccurately stated. Under these circumstances, neither of the above exceptions to the charge can avail the appellant.

It is also insisted that the evidence is insufficient to justify the verdict. The sufficiency of the evidence in a case at law is a matter wholly within the province of the jury. Under our Constitution, this court has uniformly so held. It is well settled, within this jurisdiction, that we will not disturb the verdict

in any such case, on the ground of insufficiency of the evidence to justify it, unless there is no evidence in the record to support it.   In this case there is ample proof to support the verdict.

We find no reversible error in the record.   The judgment is affirmed.

BASKIN, C. J., and McCARTY, J., concur.