In the Matter of the Application of J. H. CLARK, Appellant, for a Writ of Habeas Corpus.

No. 1575.    (78 Pac. 475.)

**Habeas Corpus: Conviction: Review.**
   Where relator was convicted and sentenced for grand larceny by a court of competent jurisdiction, he was not entitled to a writ of habeas corpus for the purpose of reviewing a judgment based on such conviction.[1]

---

[1] Ex parte Hays, 15 Utah 77, 47 Pac. 612.

(Decided November 16, 1904.)

Appeal from the Third District Court, Salt Lake
    County.— *Hon. C. W. Morse,* Judge.

Application of J. H. Clark for a writ of habeas cor-
pus to review a conviction of grand larceny. From an
order denying the writ, the relator appealed,

AFFIRMED.

*D. S. Truman, Esq.,* for appellant.

*Hon. M. A. Breeden,* Attorney-General, and *Hon.
W. R. White,* Deputy Attorney-General, for the State.

This case was considered and affirmed on appeal in
this court and is reported in 27 Utah 55, 74 Pac. Rep.
119. Whether or not the points now presented were
raised before this court at the time the appeal was taken
is immaterial. ''The whole case should have been pre-
sented at that time. The appellant had the opportuni-
ty of bringing the whole matter up and if he failed to do
so it is his own misfortune. He cannot bring up part
of it and after the Supreme Court has affirmed the judg-
ment have the balance considered upon habeas corpus.''
Ex Parte Hays, 15 Utah. 82.

BASKIN, C. J.—The petitioner appeals to this
court from an order of the district court denying his ap-
plication for a writ of habeas corpus. It appears from
the allegations of the petitioner that he and Z. Graham
and Albert Clark were jointly charged by information
with the crime of larceny, and in a separate count they
were also jointly charged with the crime of receiving
stolen property, knowing the same to have been stolen;
that the property alleged in the first count of the infor-
mation to have been stolen was the same as that alleged
in the second count as having been received, and was the

personal property of one C. F. Johnson. The said Graham and the petitioner were granted separate trials and each found guilty of grand laceny and sentenced to imprisonment in the penitentiary, and at present are serving that sentence. Afterwards the said Albert Clark was, upon a seperate trial, found guilty of the crime charged in the second count of the information, and sentenced to imprisonment in the county jail and to pay a fine of $250. The petitioner appealed from the judgment against him, and it was affirmed by this court in State v. Clark, 27 Utah 55, 74 Pac. 119.

Habeas corpus cannot operate as an appeal or writ of error. It is well settled that "the examination into the imprisonment of a party under the sentence or order of a court is to extend only to the jurisdiction and authority to render the judgment, and where the custody is in pursuance of the order or judgment of a court of competent jurisdiction, such order is final until it is reversed, and precludes inquiry on the writ." 9 Enc. Pl. & Pr. 1061, and cases there cited. In Ex parte Hays, 15 Utah 77, 47 Pac. 612, this court, in an opinion delivered by Mr. Justice Bartch, held that "in a criminal case, where the district court has jurisdiction of the person and cause, its judgment is binding on all the world, until reversed in a regular way by appeal. A fortiori is this so after the judgment has been affirmed by the Supreme Court. Such a judgment is final, and pronounces the law of the case; and the Supreme Court will not, upon habeas corpus, look beyond it, and review the proceedings upon which the judgment was pronounced." In the case of State v. Clark, supra, the district court had jurisdiction of the petitioner and the subject-matter of the information upon which he was convicted and sentenced. The writ of habeas corpus applied for by the petitioner was therefore properly denied.

The order denying the writ is affirmed.

BARTCH and McCARTY, JJ., concur.