DAVIDSON *v.* STATE

(*Jackson,* April Term, 1947.)

Opinion filed May 3, 1947.

Ross & Ross, of Savannah, for plaintiff in error.

ALLISON B. HUMPHREYS JR., Assistant Attorney General, for the State.

MR. JUSTICE NEIL delivered the opinion of the Court.

This case was appealed from the Criminal Court of Hardin County, from a conviction of operating a restau-

rant in violation of Chapter 254, section 14, of the Public Acts of 1937. The penalty imposed was a fine of $10.

The act in question was brought into the Code of 1932 under the general title "Regulations and Inspection of Hotels and Restaurants" and is found in Sections 5275-5306 (22). The statute was enacted in the interest of public health. Section 5306 (12) makes it the duty of every hotel and restaurant operator to keep the premises "in a clean and sanitary condition conducive to the maintenance of public health," etc. Section 5306 (13) reads as follows: "No person suffering from any contagious or communicable disease shall be employed in any restaurant or hotel, and the owner, manager, or proprietor of every restaurant or hotel must require such employee, as a condition of employment, to furnish a health certificate including a Wasserman test, signed by a registered licensed physician of the state of Tennessee. Such certificate must be renewed at least once annually. It shall be the duty of the owner, manager, or proprietor of such restaurant or hotel to keep such certificates on file where they may be readily available to the director or his assistants. Any owner, manager or proprietor of any restaurant or hotel failing to comply with this section, shall, after thirty (30) days' notice, have his permit revoked."

Section 5306 (20) provides that every proprietor or person conducting a hotel or restaurant "who shall fail or refuse to comply with any of the provisions of this law, or with the rules and regulations promulgated by the division, shall be deemed guilty of a misdemeanor, and shall be fined not less than ten dollars nor more than one hundred dollars for each offense, and each day after sufficient notice has been given shall constitute a separate offense."

Under the several assignments of error it is contended that the trial court was in error in overruling the defendant's motion to quash the indictment, which was for violation of section 14 of the act. The section referred to provides for the revocation of "the permit" of the manager or proprietor after notice is given. It is argued that no indictable offense was committed by the defendant.

It is true that the section 14 of the act which requires a health certificate of employes in hotels and restaurants provides that upon a failure to comply the proprietor, after 30 days' notice shall have his permit revoked. The revocation of the permit, however, is not the only penalty fixed by the statute, as shown by section 23 of the act, which was brought into the Code under Section 5306 (20), above referred to.

We think the two sections, to wit, section 14 and section 23, must be considered together. When this is done the construction given the act by learned counsel for the defendant is erroneous. The Legislature clearly intended to confer upon the director of hotel and restaurant inspection the authority to revoke a restaurant permit for certain causes after notice in writing of the proprietor's failure to comply with the act. But the misdemeanor which results from the failure to comply is not dependent upon the giving of such notice. If this were true, any hotel or restaurant proprietor could operate his place for 30 days with employes who were infected with communicable diseases, as well as a place that was notoriously unsanitary, without being subject to prosecution for a misdemeanor. We think the meaning of the statute is that an offender may be indicted and fined for his failure or refusal "to comply with any of the provisions of the law". The effect of the written notice is that after such notice is given the proprietor is subject to indict-

ment and prosecution for each and every day thereafter, each day's operation of the restaurant with an employe not having a health certificate being declared by the statute to be a separate and distinct offense.

■ The facts which gave rise to the prosecution of the plaintiff in error are not in dispute. The health certificate of one of his employes had expired in January, 1946. He operated his place from that time until August, 1946, without requiring the renewal of said certificate. It was claimed to have been an oversight and a temporary certificate was procured immediately after an inspector had notified him to do so. There is an assignment of error to the effect that the trial judge committed error in allowing the hotel inspector to testify that the health certificate had expired because the certificate itself was the best evidence. This assignment must be overruled. When the defendant testified in his own behalf, he was asked the question, ''You are guilty?'' Answer: ''I am guilty to the extent that he did not have a permit. I thought I was supposed to get a notice.'' We think this amounts to an admission that the health certificate had expired. He knew it had expired and that it was necessary to renew it annually. This being true, the trial judge will not be put in error for his failure to require the witness to file the original health certificate as an exhibit to his testimony.

■ The parol evidence rule is not applicable. While the expired health certificate is the best evidence of its contents, we hold that the date of the issuance, as well as the date of its expiration, may be shown by parol proof.

■ There is no merit in the contention that the State's witness and restaurant inspector, Adcock, failed to show any authority to take action against the defendant.

The defendant is not shown to have wilfully violated the law, but under the record before us we cannot do otherwise than affirm the judgment of the trial court.

Affirmed.

All Justices concur.