RALPH ANGLUIS FERNANDEZ, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 4760

May 13, 1965                                    402 P.2d 38

[Rehearing denied June 10, 1965]

*Harry A. Busscher,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, and *Herbert F. Ahlswede,* Deputy District Attorney, Washoe County, for Respondent.

**OPINION**

By the Court, ZENOFF, D. J.:

Appellant was arrested at Poor Pete's Casino in Reno, Nevada, and charged with possession of a cheating device in violation of NRS 465.080.[1] He had been observed by at least one witness sticking "something" into a slot machine on January 15, 1964 in the same manner and in the course of the same conduct as two days previously at the same casino. A metallic instrument was taken from him at the time of his apprehension and introduced into evidence at the trial.

As one ground of error he assigns the failure of the state to prove that the slot machine into which the defendant was inserting the object was a *licensed* machine in accordance with the language of the statute and that this, therefore, was a failure to prove a material allegation of the information.

This court in construing NRS 465.080 has heretofore decided that the clause "licensed gambling game" is

---

[1]NRS 465.080 states in pertinent parts: "It shall be unlawful for any person playing any licensed gambling game to * * * employ or have on his person any cheating device to facilitate cheating * * * in playing any slot machine, * * *."

not carried forward to the particular unlawful acts later enumerated in the statute. Stokes v. State, 76 Nev. 474, 357 P.2d 851. There being no requirement to establish the license, the point then becomes immaterial and it is not necessary for us to pass upon other questions raised concerning the best evidence rule or the use of secondary evidence to confirm the actual existence of a license. But see Fish v. Fleishman, 87 Idaho 126, 391 P.2d 344; Davidson v. State, 184 Tenn. 468, 201 S.W.2d 652; 4 Wigmore on Evidence §§ 1242–1248 (3rd Ed. 1940).

Appellant's requested instructions, too, fall by the wayside since they relate principally to absence of the license certificate. Suffice it to say, however, this court is satisfied that the jury was adequately and competently instructed by the trial court.

Evidence of appellant's conduct two days before his arrest on this charge, at the same place, in a like manner and under similar circumstances is admissible to show motive, intent, identity, absense of mistake or accident, or a common scheme or plan. Nester v. State, 75 Nev. 41, 334 P.2d 524; Wallace v. State, 77 Nev. 123, 359 P.2d 749; Wyatt v. State, 77 Nev. 490, 367 P.2d 104; State v. Nystedt, 79 Nev. 24, 377 P.2d 929.

Appellant further alleges as error that the prosecuting attorney, in his summation to the jury, commented on appellant's failure to testify on his own behalf, which, if true, would constitute reversible error. NRS 178.235;[2] Griffin v. California, 85 S.Ct. 1229 (Apr. 28, 1965).

The prosecutor said to the jury, "In the defendant's case, as feeble as it was, there was no denial that the defendant ever possessed this device * * *." Defense

[2]NRS 178.235 states that: "If a defendant offers himself as a witness, he may be cross-examined by the counsel for the state the same as any other witness. His neglect or refusal to be a witness shall not in any manner prejudice him, nor be used against him on the trial or proceeding."

counsel moved for a mistrial which the trial court denied.

The Nevada Supreme Court has held such comment not objectionable. State v. Clarke, 48 Nev. 134, 228 P. 582; State v. Gambetta, 66 Nev. 317, 208 P.2d 1059; Bean v. State, 81 Nev. 25, 398 P.2d 251; State v. Green, 81 Nev. 173, 400 P.2d 766.

In Griffin, the U.S. Supreme Court was concerned that California's constitutional permission allowing direct comment by court and prosecution when defendant does not testify was violative of the Fifth Amendment. Cal. Const. Art. I, § 13. Through the application of the due process clause of the Fourteenth Amendment, that court declared the California provision unconstitutional.

It may be well to note that the federal courts faced with the same or similar problem as here presented have repeatedly sustained like references made to their juries. Hood v. United States, 10 Cir., 59 F.2d 153; Baker v. United States, 8 Cir., 115 F.2d 533, cert. denied, 312 U.S. 692; Rose v. United States, 8 Cir., 227 F. 357, cert. denied, 239 U.S. 647; Langford v. United States, 9 Cir., 178 F.2d 48, cert. denied, 339 U.S. 938; United States v. Borda, 4 Cir., 285 F.2d 405, cert. denied, 365 U.S. 844; Sterling v. United States, 9 Cir., 333 F.2d 443, cert. denied, 379 U.S. 933 (Dec. 7, 1964).

The distinction appears to be that defendant's failure to testify cannot directly or indirectly be the subject of comment by the prosecution, but a reference to evidence or testimony that stands uncontradicted is acceptable. Paraphrasing Griffin, what the jury may infer given no help from the court (or prosecution) is one thing. What they may infer when the court (or prosecution) solemnizes the silence of the accused into evidence against him is quite another. Permitting such comment imposes a penalty for exercising a constitutional privilege. The dividing line must be approached with caution and conscience.

Affirmed.

THOMPSON and BADT, JJ., concur.